IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS EUGENE PORTER
221 PUSEY STREET
CHESTER PA 19013

              v.

THE CITY OF CHESTER,

MAYOR WENDELL BUTLER
CITY OF CHESTER
1 4TH STREET
CHESTER PA 19013

                                                        CIVIL ACTION

OFFICER JOSEPH MASSI
NO. 014
CITY OF CHESTER POLICE
DEPARTMENT
                                                        NO._____

OFFICER SWANSON
CITY OF CHESTER POLICE
DEPARTMENT

OFFICER McGOLDRICK
CITY OF CHESTER POLICE
DEPARTMENT
                                                        JURY TRIAL DEMANDED

OFFICER MULLEN
CITY OF CHESTER POLICE
DEPARTMENT

CPL. NOLAN
CITY OF CHESTER POLICE
DEPARTMENT

**COMPLAINT**

## I. INTRODUCTION

1. Francis Porter brings this civil action for monetary releif under 42 U.S.C. 1983 alleging that defendants committed under color of state law, violations of his Fifth, Fourth, and Fourteenth Amendment Rights of the Constitution of the United States, Article 1, Section 8 of the Pennsylvania Constitution and common law claims, for the excessive force and assault and battery by the named police officers employed by the City of Chester in June, 2003.

## II. JURISDICTION

2. Jurisdiction is founded on 28 U.S.C. §§ 1343 (3) and (4), this being an action to redress the deprivation under color of any State law, statute, ordinance, regulation or immunity secured by the Constitution of the United States of America providing for equal rights of all persons within the United States and to recover damages under any Act of Congress providing for the protection of civil rights. Jurisdiction over the state law claims is under the doctrine of supplemental jurisdiction.

## III. VENUE

3. Venue is appropriate in this District since at all times relevant hereto all the action complained of occurred in the area encompassed by the United States District Court for the Eastern District of Pennsylvania.

4. Pursuant to Local Civil Rule 5.1 regarding pleading claims for unliquidated damages, as more specifically stated herein, plaintiff seeks compensatory and punitive damages in excess of the amount which is within the level of arbitration and as such this matter is not subject to arbitration under Local Civil Rule 53.2.

## IV. PARTIES

### A. PLAINTIFFS

5. FRANCIS PORTER is a citizen of the United States residing on Pusey Street, Chester PA, at all times relevant hereto.

### B. DEFENDANTS

6. Wendell Butler is Mayor of the City of Chester and at all times relevant heretothe chief policy maker for the City of Chester and the ultimate supervisor of the Chester Police Department including but not limited to a chief decision maker with respect to the actions taken against the plaintiff, the chief decision maker for the training provided to the individual police officers and the supervision given to them.

7. Officer, Joseph Massey is a police officer employed by the City of Chester, Chester PA. and at all times relevant hereto was involved in the violation of the plaintiff's rights.

8. Officer Swanson is a police officer employed by the City of Chester, Chester PA. and at all times relevant hereto was involved in the violation of the plaintiff's rights.

9. Officer McGoldrick is a police officer employed by the City of Chester, Chester PA. and at all times relevant hereto was involved in the violation of the plaintiff's rights.

10. Officer Mullen is a police officer employed by the City of Chester, Chester PA. and at all times relevant hereto was involved in the violation of the plaintiff's rights.

11. Cpl. Nolan is a police officer employed by the City of Chester, Chester PA. and at all times relevant hereto was involved in the violation of the plaintiff's rights.

12. The actions of all defendants were taken under color of state law.

## IV.  FACTUAL ALLEGATIONS

13. On or about June 10, 2003, at or about 0001 hours, Francis Porter was engaged in lawful pursuits near his mother's residence on Pusey Street, Chester PA.

14. At or about that time, Police Officers of the Chester Police Department, including Officers Massey and Swanson placed Mr. Porter in detention and Officers Massey, Swanson, McGoldrick Mullen and Cpl. Nolan entered his mother's house to engage in a warrantless search of the premises.

15. Mr. Porter was physically restrained and placed in a chair in the living room of this premises during this search .

16. During the search, Mr. Porter's elderly mother fell to the floor.

17. Mr. Porter rose from the chair to assist her.

18. Officer Swanson and the other officers in the house violently assaulted and attacked Mr. Porter, hitting him about the face and body.

19. Mr. Porter was injured during this assault.

20. Thereupon he was taken to the Police Station and charged with various and sundry crimes including aggravated assault, reckless endangering a person and possession of controlled substances with intent to deliver.

21. All charges as stated heretofore, lodged against Mr. Porter as a result of the June, 2003 incident were dismissed, the final dismissal occurring in June, 2004

22. Mr. Porter was released after processing and at or about 6:00 PM on June 10, 2003, was treated at Crozier Chester Hospital for injuries to his face and left eye.

23. Mr. Porter has suffered and continues to suffer discomfort and pain from the assault on his person.

24. As a direct and proximate result of the excessive force described herein the plaintiff has suffered considerable physical pain and discomfort and psychological distress.

25. As a direct and proximate cause of the excessive force, the injuries resulted in a disruption of plaintiffs' daily occupations and activities.

26. As a result of the prosecution of the aforementioned criminal complaint the plaintiff was was caused additional psychological distress related thereto.

27. Upon information and belief, the City of Chester and the Chester Police Department created an illegal de facto policy of "profiling" or stereotyping under which groups or persons in Chester were subjected to criminal prosecution due to their race.

28. At all times relevant hereto, in pursuit of this policy, the high policy officials and the agents and employees of the City of Chester acted with deliberate or reckless indifference, callous disregard, or in an arbitrary and abusive manner with respect to the rights of such persons.

29. Upon information and belief the City of Chester fails to properly train and supervise its police officers, including the named defendants herein which failure proximately caused the violations of the plaintiff's civil rights as set out hereinbefore.

30. The conduct of named defendants, their agents, servants and employees toward the plaintiff was were extreme, wanton, malicious and outrageous, warranting the imposition of exemplary damages.

31. At no time relevant to the time plaintiff act in a manner which supported a conclusion

that there was reasonable suspicion or probable cause to believe that he were engaged in activity that was illegal or threatening to any officer

32. At all times relevant hereto all actions taken by the municipal defendant and all persons employed thereby against the plaintiffs were performed under color of state law.

33. At no time relevant hereto did the plaintiff implicitly or explicitly consent or agree to the conduct of the employees, servants or agents of defendant City of Chester or named defendants herein.

### VI. LEGAL CLAIMS

#### A. FIRST LEGAL CLAIM (MONELL CLAIM)
(v. City of CHESTER and Mayor Butler under 42 U.S.C. § 1983-Monell claim))

34. The City of Chester by and through its chief decision makers, adopted an implicit or explicit policy to deny the plaintiffs the exercise of their Constitutional Rights by use of an unconstitutional program, which included but was not limited to the false arrest, illegal detention and use of excessive force on the persons, including the plaintiff.

35. By adopting this illegal policy and/or by failing to have adequate policies. practices, regulations, supervision and training related to the actions stated heretofore and permitting or condoning the practice of such prior restraint, the City of Chester, by and through its agents acted, under color of state law, in violation of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

36. By adopting this implicit or explicit policy and/or by failing to have adequate policies, practices, regulations, supervision and training related to the actions stated heretofore the City of

Chester, by and through its chief decision makers acted with deliberate or reckless indifference, callous disregard, or in an arbitrary and abusive manner as to shock the conscience.

37. As a direct and proximate cause adopting the aforesaid policy and the plaintiffs were caused significant pain, discomfort and physical distress and psychological trauma, the destruction of their personal and collective property and damages as heretofore alleged as a proximate result of this conduct .

### B. SECOND LEGAL CLAIM

(42 U.S.C. § 1983 v. City , and named individual defendants

38. By arresting detaining plaintiff by prosecuting these plaintiff when there was no legally adequate basis to believe that they were or had been in violation of the law of this Commonwealth the named defendants, acted, under color of state law in violation of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States .

39. The arrest, detention, excessive force and filing of criminal charges against plaintiff when there was no legally adequate basis to believe that they were or had was taken under color of state law in violation of the aforementioned rights.

40. The plaintiff was caused significant pain, discomfort, physical distress, psychological trauma and other damages as heretofore alleged as a proximate result of this conduct .

### C.     THIRD LEGAL CLAIM ( 42 U.S.C. § 1983 (CONSPIRACY - all individual police officer defendants

41.    The named defendants including, unknown agents and employees of defendant City of Chester acted in direct or implied concert and agreement against the plaintiffs, in the illegal search, excessive force, the false arrest, the filing of criminal charges,, when there was no legally adequate basis to believe that the plaintiffs were or had been in violation of the law of this Commonwealth and as such the defendants, conspired to act, under color of state law in violation of rights guaranteed by the Constitution of the United States.

42.    The intent of the express or implied agreement was to deprive the plaintiff of his constitutional and civil rights as guaranteed by law and was manifested by defendants employees, agents and servants animus towards the plaintiff.

43.    The plaintiff suffered an actual deprivation of their constitutional rights resulting from this implied or express agreement,

44.    The plaintiff was were caused significant pain, discomfort, physical distress, psychological trauma and other damages as heretofore alleged as a proximate result of this conduct .

### D.     FOURTH LEGAL CLAIM - STATE LAW- Violation of the Pennsylvania Constitution

45.    The Pennsylvania Constitiution, Article I, Section 8.is intended to protect citizens form excessive force by the government.

46.    The City of Chester and the named defendants by the conduct stated heretofore violated the Pennsylvania Constitiution, Article I, Section 8.

47. The plaintiff was caused significant pain, discomfort, physical distress, psychological trauma and other damages as heretofore alleged as a proximate result of this conduct.

## DEMAND FOR A JURY TRIAL

The plaintiff hereby demands a jury trial for all legal claims set forth in this action.

## PRAYER FOR RELIEF

1. This court take jurisdiction over this case and grant him trial by jury on all claims;

2. This court award plaintiff compensatory damages against all defendants in an amount which will compensate them for all losses.

3. This Court award the plaintiff punitive damages against the named, individual defendants as permitted by law on all claims as set forth herein..

4. This court award such injunctive or declaratory relief as may be necessary.

5. This court award the plaintiff reasonable attorney fees as permitted by law.

6. This court award such other relief as deemed fitting and just.

_____
Gerald J. Williams, for plaintff, PA Attorney No. 36418
Williams, Cuker & Berezofsky
One Penn Center at Suburban Station
1617 J.F.K. Boulevard, Suite 800
Philadelphia, PA 19102-2030
(215) 557-0099

dated: March 31, 2005