## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS EUGENE PORTER** | : | |
| | : | |
| **Plaintiff** | | **CIVIL ACTION** |
| | | |
| | | **NO. 05-1490** |
| **v.** | | |
| | : | |
| **OFFICER MASSI, et al.** | | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants** | : | |

I.                    PROPOSED STANDARD INSTRUCTIONS

1.       Plaintiffs propose that the Court issue the following instructions from Devitt and Blacknan, *Federal Jury Practice and Instructions* (5th Ed.)(1997):

(a)       Section 103.04 [Definition of "Under Color of State Law;"  undisputed in this case that defendant acted under color of state law;

(b)       Sections 103.13, 85.18 [Possibility of Nominal Damages; No Preclusion of Punitive Damages];

(c)       Section 85.02 [No test for intangible items of Damage];

2.       Plaintiff proposes that the Court issue its standard instructions on the following topics:

(a)       Burden of Proof;

(b)       Preponderance of the Evidence;

(c)       Circumstantial Evidence;

(d)     Testimony of Police Officers or Law Enforcement Personnel given no greater weight than that of ordinary witness; and

(e)     Effect of Stipulated Facts.

II.     PROPOSED INSTRUCTIONS

Plaintiff proposes the following instructions.

Respectfully submitted,

<u>/s/ Andrew F. Erba (electronically filed)</u>
Andrew F. Erba, Esquire for plaintiff
Williams, Cuker & Berezofsky
1617 J.F.K. Blvd. Suite 800
Philadelphia, PA 19103-2030
215-557-0099

PA I.D. No 20943

TABLE OF CONTENTS

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE PLAINTIFF'S CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

VIOLATION OF §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

LAW ENFORCEMENT OFFICERS EXPECTED TO KNOW THE LAW . . . . . . . . . . . . . 5

POLICE OFFICER RESPONSIBLE FOR CONSEQUENCES OF HIS ACTIONS . . . . . . . . 7

DEPRIVATION OF CONSTITUTIONAL RIGHTS - UNLAWFUL ARREST . . . . . . . . . . 8

PROBABLE CAUSE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

SUBJECTIVE BELIEF NOT PROBABLE CAUSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

REASONABLE SUSPICION DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

EXCESSIVE FORCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ELEMENTS OF A 1983 MALICIOUS PROSECUTION CLAIM . . . . . . . . . . . . . . . . . . . 13

SUPPLYING MISLEADING INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

MISREPRESENTING EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

VIOLATION of 42 U.S.C . § 1983- CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

AGREEMENT BY ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

 PROOF BY CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

SLIGHT CONNECTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

NO SPECIFIC INTENT REQUIRED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

JOINT LIABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

STATE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   22

CAUSATION AND DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

COMPENSATORY DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25

 LIABILITY IN WHOLE OR PART . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   26

 IT IS NOT NECESSARY TO SUFFER PERMANENT PHYSICAL INJURY . . . . . . . . . .   27

USE OF SOUND DISCRETION IN AWARDING OF DAMAGES

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   28

REASONABLE PROOF OF DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   29

AMOUNT OF DAMAGES- COMPENSATORY DAMAGES--LOSS OF LIFE'S
        PLEASURES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   30

DETERMINING DAMAGES WITHOUT PREJUDICE . . . . . . . . . . . . . . . . . . . . . . . . . . .   32

PUNITIVE DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   33

2

Proposed Plaintiff Instruction No. 1- <u>CREDIBILITY OF WITNESSES</u>

It is an important part of your job as jurors to decide what testimony you believe. You may accept all of a witnesses testimony, accept part of the testimony and reject other parts, or you may reject all of the testimony.

In making that decision I suggest that you ask yourself a few questions: Did the person seem honest? Did he or she have some reason not to tell the truth? Did he or she have an interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness recall events differently at trial than he or she did at an earlier time. Did the witness have the opportunity and was the witness able to observe accurately the things he or she testified about? Did he or she understand the questions and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? Was the witness's testimony on cross-examination different from the testimony given on direct examination?

**Testimony of police officers**

The testimony of a police officer should be considered by you just as any other evidence in this case. In evaluating a police officer's credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser weight to the testimony of a witness merely because he is a police officer.

These are some, but of course not all, of the kinds of things that will help you decide how much weight to give to what each witness said.

You may also consider any demonstrated bias, prejudice or hostility of a witness in deciding what weight to give to the testimony of the witness.

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because there are inconsistencies or differences in the testimony of a witness, or between the testimony of different witnesses. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

You are not required to accept testimony, even if it is uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for other reasons sufficient to you, that testimony is not worthy of belief.

The mere number of witnesses or length of the testimony or amount of exhibits has no bearing on the weight you give to evidence. Weight does not mean the amount of the evidence. Weight  means your judgment about the credibility and importance of the evidence.[1]

---

[1]Roberts v. Hollocher, 664 F.2d 200 (8th Cir. 1981); Darbin v. Nourse, 664 F.2d 1109 (9th Cir. 1981); Bush v. United States, 375 F.2d 602, 605 (D.C.Cir., 1967).

Proposed Plaintiff Instruction No. 2-  SUMMARY OF THE PLAINTIFF'S CLAIMS

 I will briefly summarize the facts of this case.  On or about June 10, 2003, at or about 1:00 A.M., Francis Porter was outside his mother's residence on Pusey Street, Chester PA.

At or about that time, Police Officers of the Chester Police Department, including Officers Sgt. Massi and Police Officer McGoldrick arrested Mr. Porter. Mr. Porter was taken to the police station where Sgt. Massi placed Mr. Porter in detention. At the station Mr. Porter agreed to a search of Pusey Street. Sgt. Massi brought Mr. Porter from the police station to Pusey Street in a police vehicle driven by Sgt. Massi. Officers , Swanson, McGoldrick, Mullen and Cpl. Nolan met Sgt. Massi at Pusey Street. The officers entered Mr. Porter mother's house, bringing Mr. Porter from the police vehicle into the house. Mr. Porter was physically restrained with handcuffs. He was placed in a chair in the living room of this premises during this search . Mr. Porter's elderly mother was on the second floor of the house. She descended to the first floor, where Mr. Porter and the police officers were located. When she reached the First floor, she fainted and fell to the floor.

Mr. Porter rose from the chair to assist her.  Officer Swanson, pushed him back and then assaulted Mr. Porter, hitting him about the face and body. Mr. Porter received a serious injury to his face. After the assault, Mr. Porter was taken to the Police Station and charged based on an affidavit made by Sgt. Massi. Mr. Porter was charged with various serious crimes including aggravated assault, reckless endangering a person and possession of controlled substances with intent to deliver.

Mr. Porter was released at 6:00 PM on June 10, 2003. He received treatment at Crozier

Chester Hospital for injuries to his face and left eye.  He has suffered and continues to suffer discomfort and pain from the assault on his person.

All charges lodged against Mr. Porter as a result of the June, 2003 incident were dismissed.

Proposed Plaintiff Instruction No. 3-  <u>VIOLATION OF §1983</u>

The plaintiff has filed this action in part under a provision of the United States Code, Title 42, Section 1983, which gives a person the right to bring a lawsuit in the federal courts for a violation of a constitutional right by police officers acting in an official capacity.

To enforce civil rights guaranteed to United States citizens by the constitution, Congress has enacted a law, known as Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory ... , subjects or causes to be subjected, any citizen of the United States ... or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ... for redress....

The plaintiff must prove two things to establish a violation of this law:

1.  that the defendant acted under color of law;

2.  that the defendant deprived the plaintiff of one or more constitutional rights.

"Acting under color of law" simply means acting in one's capacity as a police officer.  In this case the parties agree that the defendant was acting under color of law.  The issue for you to decide is whether the  defendants violated a constitutional right.[2]

---

[2]Title 42 U.S.C. §1983;  <u>Gomez v. Toledo</u>, 446 U.S. 635 (1980).

5

Proposed Plaintiff Instruction No. 4   LAW ENFORCEMENT OFFICERS EXPECTED TO KNOW THE LAW

All law enforcement officer are expected to know the law.  The responsibility of keeping abreast of constitutional developments rests squarely on the shoulders of law enforcement officials. Law enforcement officials must be cognizant not only of how far their authority extends, but also of the point at which their authority ends.[3]

---

[3]Ward v. County of San Diego, 791 F.2d 1329, 1332 (9th Cir. 1986);  Capeoman v. Reed, 754 F.2d 1512, 1515 (9th Cir. 1985). Hall v. Ochs, 817 F.2d 920 (1st. Cir. 1987); Prosser, Law of Torts, §46, 4th Ed., 1971, pp. 291-295.

Proposed Plaintiff Instruction No. 5- POLICE    OFFICER    RESPONSIBLE    FOR
CONSEQUENCES OF HIS ACTIONS

A police officer's liability for causing an arrest is the same as for carrying it out.  . This is
because under Section § 1983 an individual will be "responsible for the natural consequences of his
actions."   Stated another way, In order to find that the defendant violated plaintiffs' Constitutional
rights, it is not necessary to find that he specifically intended to deprive the plaintiffs of those
Constitutional rights.  So long as the defendant intended his actions, he will be liable to the
plaintiffs for any damages which result, if those actions resulted in the violation of plaintiffs'
rights. [4]

---

[4]Pierson v. Ray, 386 U.S. 547 (1967), Kilbourn v. Thompson, 103 U.S. 168, 200, 26 L. Ed.
377 (1880),  Malley v. Briggs, 475 U.S. 335, 344 n.7, 89 L. Ed. 2d 271, 106 S. Ct. 1092 (1986).

Proposed Plaintiff Instruction No. 6-  .DEPRIVATION OF CONSTITUTIONAL RIGHTS -
UNLAWFUL ARREST

The Fourth Amendment of the United States Constitution provides that a person has the
right to be free from an arrest/citation unless the police officer has probable cause to believe that the
person committed the crimes with which he is charged.

Probable cause exists if, at the moment of the arrest, the facts and circumstances within the
officer's knowledge and of which he has reasonable trustworthy information are sufficient to
warrant a prudent person in believing that the defendant committed or was committing a crime.  The
hunch, guess, conjecture or surmise of a police officer is not enough, there must be enough actual
evidence to reasonably lead to the conclusion the plaintiff committed the crimes.

Plaintiff was given arrested for alleged sale of a controlled substance, reckless endangering
a person (Officer Swanson), resisting arrest and assault.

If you find that at the time defendants officer arrested the plaintiff, all or some did not have
probable cause to believe plaintiff committed these crimes, you must find the defendants, violated
the plaintiff's constitutional right to be free from arrest without a warrant or probable cause.[5]

---

[5]Payton v. New York, 445 U.S. 573, 590 (1980),  Michigan v. Summers, 429 U.S. 692, 700
(1981) and Florida v. Royer, 490 U.S. 491, 499 (1983).Santiago v. Fenton, 891 F.2d 373 (1st Cir.
1989); Dunaway v. New York, 442 U.S. 200, 212- 216 (1979); Brinegar v. United States, 338
U.S. 160, 176-77 (1949); Wagenmann v. Adams, 829 F.2d 196, 206 (1st Cir. 1987). See Also,
Hector v. Watt, 235 F.3d 154, 157 (3d Cir. 2000), ['Victims of unreasonable searches or seizures
may recover damages directly related to the invasion of their privacy -- including (where
appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such
victims cannot be compensated for injuries that result from the discovery of incriminating
evidence and consequent criminal prosecution.'].

Proposed Plaintiff Instruction No. 7-  <u>PROBABLE CAUSE DEFINED</u>

The principal components of probable cause will be the events which led up to the arrest , which if viewed in the eyes of an objectively reasonable police officer amount to reasonable suspicion or probable cause. [6]

---

[6]<u>Omelas v. United States</u>, 517 U.S. 690, 696 (1996),  <u>Michigan v. DeFillippo</u>,  443 U.S. 31, 37 (1979), <u>Yarbarra v. Illinois</u>, 444 U.S. 85, 91 (1979), <u>Sharrar v. Felsing</u>, 128 F.3d 810, 817-18 (3d Cir. 1997), <u>Berg. v. County of Allegheny</u>, 219 F.3d 261 (3d Cir. 2000) <u>Groman v. Township of Malaplan</u>, 47 F.3d 628, 635 n.10 (3d Cir. 1995),

Proposed Plaintiff Instruction No. 8-SUBJECTIVE BELIEF NOT PROBABLE CAUSE

The subjective belief of a police officer is not sufficient to support a conclusion of probable cause. The quantity and the quality of information must be taken into account to determine whether probable cause to arrest exists.[7]

---

[7]See Alabama v. White, 496 U.S. 325, 330 (1990),, Berg. v. County of Allegheny, 219 F.3d 261 (3d Cir. 2000) Groman v. Township of Malaplan, 47 F.3d 628, 635 n.10 (3d Cir. 1995).

Proposed Plaintiff Instruction No. 9-  REASONABLE SUSPICION DEFINED

A police officer may have reasonable suspicion that a particular individual has committed a crime.  Reasonable suspicion requires less certainty than probable cause to believe that a crime has been committed.  If a police officer possesses reasonable suspicion, he may detain a suspect for a short period of time in order to investigate his belief that a crime has been committed and that the individual being detained committed the crime.

However, reasonable suspicion of a crime is insufficient to justify to arrest. To the contrary, an arrest can only be supported by probable cause, as defined previously.[8]

---

[8]Florida v. Royer, 103 S.Ct. 1319, 1325 (1982); Brown v. Illinois, 95 S.Ct. 2254 (1975); Davis v. Mississippi, 89 S.Ct. 1395 (1969). Terry v. Ohio, 392 U.S. 1, 30, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968)

Proposed Plaintiff Instruction No. 10-EXCESSIVE FORCE

Under the Constitution and §1983, a police officer is liable to individuals for damages caused by the officer's use of excessive force.  Force is excessive when the amount of force used exceeds what is reasonable and necessary. "Reasonable and necessary" means what a reasonable police officer would do under the circumstances. An officer may only use the force necessary to overcome physical resistance or threatened force.  The use of force by officers simply because a suspect is argumentative, contentious, or vituperative is illegal.  A citizen's questioning of a police officer, or even disagreeing with him, is not resistance or threatened force, and does not justify the police officer's use of force.  If you find that, in his encounter with plaintiffs, Defendant Swanson used force which was unreasonable under the standard I have just explained, you must find that the force was "excessive" and violated the plaintiffs' Constitutional rights. [9]

---

[9]Amendments 4 and 14, U.S. Constitution; *Graham v. Connor*, 490 U.S. 386 (1989); *Howell v. Cataldi*, 464 F.2d 272 (3rd Cir. 1972); *Bauer v. Norris*, 713 F.2nd 408 (8th Cir. 1983).

Proposed Plaintiff Instruction No. 11-ELEMENTS OF A 1983 MALICIOUS PROSECUTION CLAIM

As I advised you, the plaintiff is contending that his constitutional rights were violated because he was maliciously prosecuted. I will now tell you the elements of a Section 1983 malicious prosecution claim.

In order to prove a Section 1983 malicious prosecution claim, the plaintiff must prove that:

1. Defendant either commenced or continued a criminal proceeding against him;

2. The proceeding was terminated in his favor;

3. That there was no probable cause for the criminal proceeding;

4. That the criminal proceeding was instituted with actual malice.

Malice in this context is the doing of an unlawful or wrongful act, knowing that it is unlawful or wrongful, or more simply, for an improper motive.  If you find that criminal process was instituted against plaintiff without probable cause, you may infer malice from that fact.  An improper motive can be annoyance, harassment or vexation.

Thus, if you find that defendant  prosecuted the plaintiff without probable cause and with malice, he is liable under the law.[10]

---

[10]Posr v. Doherty, 944 F.2d 91, 100 (2d Cir.1991), Lee v.  Mahalich, 847 F.2d 66, 69-70 (3d Cir.  1988) , Hamadian v.Occulto, 854 F.  Supp.  350, 353-355 (M.D.  Pa, 1994), Brown v.  Clark, 352 Pa.  Super.  225, 507 A.2d 854 (1986) , Bruch v.  Clark,   Pa.  Super. , 507 A.2d 854 (1986).

Proposed Plaintiff Instruction No. 12-SUPPLYING MISLEADING INFORMATION

A police officer who deliberately supplies misleading information that influences the decision to institute criminal charges or who conceals exculpatory evidence may be liable under Section 1983. Moreover, nothing will shield a police officer from liability if it is found that he deliberately supplied misleading information that lead to the institution of criminal proceedings.[11]

---

[11]    Malley v. Briggs, 475 U.S. 335, 89 L. Ed. 2d 271, 106 S. Ct. 1092 (1986); United States v. Leon, 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984); Franks v. Delaware, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978).

Proposed Plaintiff Instruction No. 13- MISREPRESENTING EVIDENCE

Evidence from which the jury could believe that the officer manipulated the criminal justice system by misrepresenting the evidence can support a conclusion that Section 1983 was violated.[12]

---

[12]     Malley v. Briggs, 475 U.S. 335, 89 L. Ed. 2d 271, 106 S. Ct. 1092 (1986); United States v. Leon, 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984); Franks v. Delaware, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978).

Proposed Plaintiff Instruction No. 14- VIOLATION of 42 U.S.C . § 1983- CONSPIRACY

The plaintiff also claims that the Defendant Police Officers violated 42 U.S.C. § 1983 by "conspiring" to violate his rights, that is, by maliciously prosecuting him. This claim essentially alleges that the defendant officers attempted to "cover up" the beating, by filing and prosecuting false charges.  Section 1983 essentially makes illegal if two or more persons conspire for the purpose of directly or indirectly violating the plaintiff's constitutional rights.

To have an actionable conspiracy claim Mr. Porter must establish:

To establish a civil conspiracy under § 1983, Plaintiff has the burden of showing (1) that two or more people entered into an agreement to violate the victim's civil rights or defendants deprived him of a right secured by the Constitution or laws of the United States,[13] (2) that the alleged co-conspirators shared in the general conspiratorial objective and defendants conspired to do so while acting under color of state law, and (3) that an act was committed in furtherance of the conspiracy that caused injury to him. and (4) a combination, agreement, or understanding among all or between any of the defendants to plot, plan or conspire to carry out the alleged chain of events.  [14]

---

[13]Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970)

[14]Beck v. Prupis, 529 U.S. 494, 503, 146 L. Ed. 2d 561, 120 S. Ct. 1608 (2000) [**12] (requiring overt tortious act in addition to traditional elements of a conspiracy); Old Security Life Ins. Co. v. Continental Ill. Nat. Bank & Trust Co., 740 F.2d 1384, 1397 (7th Cir. 1984) Garner v. Township of Wrightstown, 819 F. Supp. 435, 445 n.7 (E.D. Pa. 1993)(quoting Defeo v. Sill, 810 F. Supp. 648, 658 (E.D. Pa.1993))(internal quotation marks omitted), aff'd, 16 F.3d 403 (3d Cir. 1993); see also Holt Cargo Sys., Inc. v. Del. River Port Auth., 20 F. Supp. 2d 803, 843 (E.D. Pa. 1998)(finding that there can be no liability for a conspiracy to violate Section 1983 without an actual violation of Section 1983), aff'd, 165 F.3d 242 (3d Cir. 1999).

Proposed Plaintiff Instruction No. 15-AGREEMENT BY ACTION

A conspiracy is a form of an agreement by action. However, Mr. Porter is not required to prove that the parties all met and agreed to the same end or to acted in the same manner.  If you find that Mr Porter was maliciously prosecuted, the fact that the defendant officers participated in the prosecution is enough for you to find that the parties were engaged in a conspiracy to deny him the rights to equal protection. Stated another way, Mr. Porter does not have to prove that the defendant officers secretly met to discuss what to do about Mr. Porter. It is enough for him to prove that all their actions resulted in his prosecution.[15]

Police officers are liable in a conspiracy if he or she commands, directs, advises, encourages, promotes, aids or abets the wrongful act of another. [16] This includes persons who stand by and does not act to prevent the conspiracy. [17]

---

[15]See United States v. Skillman, 922 F.2d 1370, 1373 (9th Cir. 1990).

[16]See  Pinkerton v. United States, 328 U.S. 640, 90 L. Ed. 1489, 66 S. Ct. 1180 (1946; Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970) and Grandstaff v. City of Borger, 767 F.2d 161, 168 (5th Cir. 1985).

[17]     Id.

17

Proposed Plaintiff Instruction No. 16-PROOF BY CIRCUMSTANTIAL EVIDENCE

It is not necessary to prove a conspiracy by direct evidence. The law permits that a conspiracy can be inferred from the circumstances. Therefore, it is not necessary for Mr. Porter to prove that the parties had an explicit agreement to conspire. It is sufficient for him to prove that the conspirators worked together with a common design, purpose or understanding.[18]

---

[18] <u>Pinkerton v. United States,</u> 328 U.S. 640, 90 L. Ed. 1489, 66 S. Ct. 1180 (1946); <u>United States v. Williams,</u> 714 F.2d 777 (8th Cir. 1983)

Proposed Plaintiff Instruction No. 17-SLIGHT CONNECTION

It is not necessary for Mr. Porter to prove that all parties acted in the same manner. Once a conspiracy is established, any defendant need only have a slight connection to link him with the conspiracy. The slight connection is demonstrated by proof of willful participation in the illegal objective with the intent to further some purpose of the conspiracy. Therefore, if a conspiracy is proven to deprive Mr. Porter of his rights under the law, each member of the conspiracy can be liable for the effect of that deprivation. [19]

---

[19]     Pinkerton v. United States, 328 U.S. 640, 90 L. Ed. 1489, 66 S. Ct. 1180 (1946); United States v. Kates, 508 F.2d 308, 310 n.4 (3d Cir. 1975); United States v. Gironda, 758 F.2d 1201, 1217 (7th Cir. 1985), United States v. Kapp, 781 F.2d 1008, 1010 (3d Cir. 1986),  United States v. Skilman, 922 F.2d 1370, 1373 (9th Cir. 1990)

Proposed Plaintiff Instruction No. 18-<u>NO SPECIFIC INTENT REQUIRED</u>


It is not necessary to find that a police officer had any specific intent to deprive the plaintiff of his civil rights, or that he acted with malice or ill will in order to find for the plaintiff on his civil rights claims. To the contrary, malice can be inferred from the circumstances and can be demonstrated by the defendants' "rush to judgment".[20]

---

[20]Torres Ramirez v. Bermudez Garcia, 898 F.2d 224, 227 (1st. Cir. 1990); Parratt v. Taylor, 101 S.Ct. 1908 (1981); Gomez v. Toledo, 446 U.S. 635 (1980); Monroe v. Pape, 365 U.S. 167 (1961).

Proposed Plaintiff Instruction No. 19- JOINT LIABILITY


Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other.  The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him.  Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one.  If you find that defendants acted jointly with other police officers in violating the law he is liable for the harm caused even though others may also be liable.[21]

---

[21]Pinkerton v. United States, 328 U.S. 640, 90 L. Ed. 1489, 66 S. Ct. 1180 (1946)

Proposed Plaintiff Instruction No. 20-<u>STATE LAW</u>

In this case, the plaintiff asserts a claim under the Pennsylvania Constitution, Article I, Section 8. Article I, Section 8 of the Pennsylvania Constitution, mandates:

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures . . .
> Pa. Constitution, Article I, Section 8.

This provision of the Pennsylvania constitution guarantees citizens rights equal to and more than the United States Constitution.

If you find that the defendant officers violated this Provision of the Pennsylvania constitution, then you may find that the defendants are liable to the plaintiff in damages. [22]

---

[22]<u>Commonwealth v. Edmunds,</u> 526 Pa. 374, 390, 586 A.2d 887, 894-95 (1991). and <u>Jones v. City of Phila.</u>, 68 Pa. D. & C.4th 47, 68-75 (2004).

Proposed Plaintiff Instruction No. 21-<u>CAUSATION AND DAMAGES</u>

I will now define "cause" for you as it is used in these instructions. This definition applies as well to associated words such as "caused" or "causing" and also to "result", "resulted" and "resulting."

Injury of any kind (including emotional distress and deprivation of freedom of movement by imprisonment) results from and is caused by an act, or a failure to act, if the injury would not have occurred but for the act or omission and the injury was a natural and probable consequence of the act or omission. Thus, applying this definition together with the instructions I have given you about burden of proof and preponderance of evidence, you will find that injury results from and is caused by an act, or failure to act, if you find from a preponderance of the evidence that the injury would not have occurred but for the act or failure to act, and was a natural and probable consequence of the act or failure to act. Of course, an injury may have more than one cause. If you find that there are two or more causes, as I have defined it, of the plaintiff's injury, then each of them caused the plaintiff's injury, and if one of the causes is attributable to the defendants, then they are liable to the plaintiff for damages.

In determining whether a defendant's conduct caused an injury you should consider whether it was a substantial factor in bringing about the harm suffered by plaintiff. When more than one factor contributes to producing the harm each is legally a cause if it is a substantial factor in causing the harm. Plaintiff does not need to prove it was the sole cause.

An injury is proximately caused by an act or a failure to act if you find from a preponderance of the evidence in the case that the injury would not have occurred but for the act

or omission, and that the injury was a natural and probable consequence of the act or omission.[23]

_____

[23] Steamfitters Local, 420 v. Philip Morris, Inc., 171 F.3d 912, 922 (3d Cir. 1999) (quoting Blue Shield v. McCready, 457 U.S. 465, 477 n.13, 102 S. Ct. 2540, 2547 n. 13, 73 L. Ed. 2d 149 (1982)) [" (1983) proximate cause is hardly a rigorous analytic tool")] and Malley v. Briggs, 475 U.S. 335, 344-45 n.7, 106 S. Ct. 1092, 1098 n. 7, 89 L. Ed. 2d 271 (1986) (quoting Monroe v. Pape, 365 U.S. 167, 197, 81 S. Ct. 473, 484, 5 L. Ed. 2d 492 (1961)); .Heck v. Humphrey, 512 U.S. 477, 483, 114 S. Ct. 2364, 2370, 129 L. Ed. 2d 383 (1994) (quoting Memphis Community School Dist. v. Stachura, 477 U.S. 299, 305, 106 S. Ct. 2537, 2542, 91 L. Ed. 2d 249 (1986); Carey v. Piphus, 435 U.S. 247, 257-58, 98 S. Ct. 1042, 1049, 55 L. Ed. 2d 252 (1978)); Hedges v. Musco, 204 F.3d 109, 121 (3d Cir. 2000).

Proposed Plaintiff Instruction No. 22- <u>COMPENSATORY DAMAGES</u>

If you find a violation of law plaintiff is entitled to money damages for any harm you find was caused by the violation.  Therefore, if you decide for plaintiff on any issue of liability, you must determine the amount of money damages which will reasonably and fairly compensate him for all of the harm which the wrongful conduct of the defendant was a substantial factor in bringing about.  The purpose of compensatory damages is to put plaintiff back to the position he would have been in if the wrongful conduct did not occur.  Among the elements of injury and harm which you may consider are:

The emotional and mental harm to the plaintiff during and after the incidents at issue, including fear, humiliation, indignity, mental anguish or mental suffering and any emotional harm that plaintiff will suffer in the future, regardless of any physical harm he has suffered or will suffer.[24]

---

[24]    <u>Carey v. Piphus,</u> 435 U.S. 247, 264-65, 55 L. Ed. 2d 252, 98 S. Ct. 1042 (1978) <u>Farrar v. Hobby,</u> 506 U.S. 103, 112, 121 L. Ed. 2d 494, 113 S. Ct. 566 (1992), <u>Memphis Cmty. Sch. Dist. v. Stachura,</u> 477 U.S. 299, 307, 106 S. Ct. 2537, 2543, 91 L. Ed. 2d 249 (1986). <u>Motes v. Myers,</u> 810 F.2d 1055, 1066 (11th Cir. 1987); <u>Wagenmann v. Adams,</u> 829 F.2d 196, 215- 16 (1st Cir. 1987); <u>Hall v. Ochs,</u> 817 F.2d 920, 927-28 (1st Cir. 1987); <u>Guzman v. Western State Bank</u>, 540 F.2d 948, 952 (8th Cir. 1976); <u>Seaton v. Sky Realty Co.,</u> 491 F.2d 634, 636- 38 (7th Cir. 1974).

Proposed Plaintiff Instruction No. 23- LIABILITY IN WHOLE OR PART

If you find that any defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages.  There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff.  These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering.  In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendants.

The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you. [25]

---

[25]     Carey v. Piphus, 435 U.S. 247, 257-58, 98 S. Ct. 1042 55 L. Ed. 2d 252 (1978); Chatman v. Slagle, 107 F.3d 380 (6th Cir. 1997) (Motorist unlawfully searched and arrested entitled to damages,  Hector v. Watt, 235 F.3d 154 (3d Cir. 2000), Bolden v. Southeastern Pennsylvania Transportation Authority, 21 F.3d 29, 35-36 (3d Cir. 1994),  Gunby v. Pennsylvania Electric Co., 840 F.2d 1108, 1121-22 (3d Cir. 1988).

Proposed Plaintiff Instruction No. 24- IT IS NOT NECESSARY TO SUFFER PERMANENT PHYSICAL INJURY

It not necessary that the plaintiff suffer a permanent physical injury to be awarded damages. This is because, as I previously advised you, the damage suffered by a victim is as a general rule emotional and financial, not physical. Therefore, to obtain compensatory damages it is not necessary that Mr. Porter sustain permanent injuries as a result of the defendants conduct or the criminal prosecution.  In order words a victim of discrimination does suffer a real injury, even without a physical injury.  A victim of discrimination suffers a dehumanizing injury as real as, and often of far more severe and lasting harm, than a physical injury. [26]

---

[26]     Mardell v.  Harleysville Life Ins.  Co., 31 F.3d 1221, 1232 (3d Cir.  1994), Bolden v. Southeastern Pennsylvania Transportation Authority, 21 F.3d 29, 35-36 (3d Cir. 1994), Gunby v. Pennsylvania Electric Co., 840 F.2d 1108, 1121-22 (3d Cir. 1988)

Proposed Plaintiff Instruction No 25.-USE OF SOUND DISCRETION IN AWARDING DAMAGES

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You should use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts of this case. [27]

_____

[27]- Bolden v.  SEPTA, 21 F.3d 29 (3d Cir.  1994)

Proposed Plaintiff Instruction No. 26- REASONABLE PROOF OF DAMAGES

If you find that plaintiff's damages are not capable of exact ascertainment, that does not mean that they are not recoverable.  The law only requires that a reasonable quantity of information be supplied for you to fairly estimate the amount of damages from the evidence.  In determining the amount of any damages you should be guided by common sense.  The risk of lack of certainty with respect to projections of damages must be borne by the defendant, not the plaintiff.[28]

---

[28]     Bolden v.  SEPTA, 21 F.3d 29 (3d Cir.  1994)

Proposed Plaintiff Instruction No. 26-AMOUNT OF DAMAGES- COMPENSATORY DAMAGES--LOSS OF LIFE'S PLEASURES

If you determine that the defendants violated his rights then you must determine the amount of actual damages that the defendants have caused the plaintiff.

The plaintiff has alleged that, as a result of the defendants' violation of his rights he has suffered emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life. The plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence. If the plaintiff does not establish that she has experienced emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because of the defendants' conducts, then she cannot recover compensatory damages.

Damages for mental and emotional distress must be proven by "competent evidence". However, it is not necessary that a plaintiff prove he or she has suffered a psychological injury in order to prove such damages.Therefore, plaintiff can prove emotional injury by testimony without medical support.

Specifically, you may award damages for any pain, suffering or mental anguish that plaintiff experienced as a consequence of the defendant's illegal conduct. No evidence of the monetary value of such intangible things such a pain and suffering has been or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded these elements of damages. Any award should be fair in light of the evidence presented at trial.

Therefore, if you determine that the plaintiff has proven by a preponderance of the evidence that he has experienced emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, you may award his damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation--no more and no less.

When considering the amount of monetary damages to which the plaintiff may be entitled,

you should consider the nature, character, and seriousness of any pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, the plaintiff felt.  You must also consider its extent or duration, as any award you make must cover the damages endured by the plaintiff since the wrongdoing, to the present time, and even into the future if you find as fact that the proof presented justifies the conclusion that the plaintiff's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.[29]

---

[29]Cary v. Piphus, 435 U.S. 247, 263-264, 98 S.Ct. 1042, 1052-53 (1978), <u>Bolden v. Southeastern Pennsylvania Transportation Authority</u>, 21 F.3d 29, 35-36 (3d Cir. 1994), <u>Gunby v. Pennsylvania Electric Co.</u>, 840 F.2d 1108, 1121-22 (3d Cir. 1988), .Federal Jury Practice and Instructions, Devitt, Blackmar and Wolfe - Volume 3, Section 104.05, 104.06, 104.11.

Proposed Plaintiff Instruction No. 27-<u>DETERMINING DAMAGES WITHOUT PREJUDICE</u>


You are to calculate compensatory damages based on evidence regarding the harm to the plaintiff without regard to the defendant's finances or your personal likes or dislikes.  Your decision on compensatory damages should reflect only your determination of the amount of money necessary to compensate plaintiff for the injury. Prejudice for or against either party has no place in such a decision. [30]

---

[30]<u>Larez v. Holcomb</u>, 16 F.3d 1513, 1519, 1521 (9th Cir. 1994)

32

Proposed Plaintiff Instruction No. 28- PUNITIVE DAMAGES

You must decide whether to award punitive damages for violation of plaintiff's constitution rights. If you find that the individual defendants violated the plaintiff's rights the law allows, but does not require you to award punitive damages.

The purpose of an award of punitive damages is, first, to punish a wrongdoer for misconduct, and second, to warn others against doing the same actions. The test for such damages is that the employer either acted with "malice or with reckless indifference" to federally or state protected rights.

In every day language "reckless indifference to a plaintiff's rights" means "just not giving a damn" about the plaintiff's right or about what might happen to her as a result of the defendant's actions.

If you determine that the defendant's conduct justifies an award of punitive damages, you may award an amount of punitive damages which all jurors agree is proper.  In fixing the amount, you should consider the following questions:

1.      How offensive was the conduct?

2.      What amount is needed, considering the defendant's resources, to prevent future repetition?

3.      Does the amount of punitive damages have a reasonable relation to the actual damages awarded?

If you do award punitive damages, you should fix the amount using calm discretion and sound reason.  You must not be influenced by sympathy or dislike of any party in this case.

There are two purposes of punitive damages, to punish the defendants for the conduct and to prevent similar conduct. Punitive damages are awarded to punish the defendant and

prevent similar acts by others.  The amount of a punitive damage award should be sufficient to serve for this purpose.

You may award punitive damages if you find that defendants acted with reckless disregard or indifference to the plaintiff's constitutional rights or if you find the defendant acted with an evil motive.  If you find that the defendant acted in either one of these ways, you may award punitive damages to the plaintiff.  A showing of personal animosity or hatred towards the plaintiff by the defendant is not required to award punitive damages.[31]

---

[31]Smith v. Wade, 103 S.Ct. 1625 (1983); Cochetti v. Desmond, 572 F.2d 102, 105-6 (3d Cir. 1978); Stolberg v. Board of Trustees, 474 F.2d 485 (2d Cir. 1973); Adickes v. S.H. Kress & Co., 398 U.S. 144, 234 (1970)(Brennan, J., concurring); Guzman v. Western State Bank, 540 F.2d 948, 953 (9th Cir. 1976); Basista v. Weir, 340 F.2d 74 (3d Cir. 1965)  and Devitt, Blackmar, Wolfe and O'Malley's Federal Jury Practice and Instructions - Civil 104.07.

CERTIFICATE OF SERVICE

It is certified that on this day a true and correct original or a copy of the plaintiff's Proposed Jury Instructions were mailed to the following at the address set out below by the means stated herein:

      Thomas C.  Gallagher, Esquire
      Holsten & Associates
      One Olive Street
      Media PA 19063

_/s/ Andrew F. Erba (electronically filed)_
Andrew F. Erba

dated:       _November 17, 2005_