**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**FRANCIS EUGENE PORTER**                    :
                                             :
    **Plaintiff**                         **CIVIL ACTION**

                                             **NO.  05-1490**
    **v.**
                                             :
**OFFICER MASSI, et al.**                    **JURY TRIAL DEMANDED**
                                             :
    **Defendants**                       :

ORDER

AND NOW this                        day of                        2005

upon consideration of the Plaintiff's Motion in Limine to Exclude Fed. Rule of Ev. 404(b) and

609 evidence, including but not limited to evidence related to the arrest and prosecution and

guilty plea of Jerome Porter, any weapon found at 221 Pusey Street, Chester PA, the arrest of

Sylvester Mingledorff and controlled substances seized from Sylvester Mingledorff, and the over

10 year old arrest and conviction of Francis Porter  or other 404(b) or 609  evidence, said motion

is Granted and Defendant is precluded from introducing any such evidence.

BY THE COURT,

_____
J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FRANCIS EUGENE PORTER**            :
                                     :
    **Plaintiff**            **CIVIL ACTION**

                                                      **NO.  05-1490**

    **v.**
                                     :
**OFFICER MASSI, et al.**            **JURY TRIAL DEMANDED**
                                     :
    **Defendants**            :


## IN LIMINE MOTION
## OF INTERVENOR-PLAINTIFF
## TO EXCLUDE FED. RULE OF EV. 404(b) and 609 EVIDENCE


Plaintiff moves in limine for the exclusion possible 404(b) and 609 evidence. In the alternative, if this evidence is admitted for any reason, we request a limiting instruction. A proposed limiting instruction is attached hereto as Exhibit A. In support, Plaintiff asserts that:

1.    In this false arrest/excessive force/malicious prosecution matter it is anticipated that the Defendants will seek to introduce evidence related to the arrest, prosection of Jerome Porter (plaintiff's brother) for unlawful possession of a weapon and the seizure of a weapon from Jerome Porter on June 10, 2003.

2.    It is also anticipated that the Defendants may seek to introduce evidence of the arrest of Sylvester Mingledorff and the seizure of controlled substances from Mr.

1

Mingledorff on June 10, 2003.

3.      It is further anticipated that the Defendants may attempt to introduce or cross

examine the plaintiff on a criminal arrest , prosecution and/or conviction which is

over 10 years old.

4.      For the reasons set out in this Memorandum, counsel for the Intervenor-

Plaintiff moves to exclude such evidence as not relevant,  inadmissible not

permitted.by Rule of Evidence 404(b) and Rule 609.

5.      It is not relevant impeachment evidence.

6.      Even assuming that it relevant, this evidence should be excluded as prejudicial and

confusing to the jury.

7.      Assuming it is admitted, it must be subject to a limiting instruction.

WHEREFORE,

It is moved that this evidence be excluded. If permitted, it is moved that it be subject to a

strong limiting instruction.

Respectfully submitted,


/s/ Andrew F. Erba_____
Andrew F. Erba, Esquire for plaintiff
Williams, Cuker & Berezofsky
1617 J.F.K. Blvd. Suite 800
Philadelphia, PA 19103-2030
215-557-0099
PA I.D. No 20943

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANCIS EUGENE PORTER** | : | |
| | : | |
| **Plaintiff** | | **CIVIL ACTION** |
| | | |
| | | **NO.  05-1490** |
| **v.** | | |
| | : | |
| **OFFICER MASSI, et al.** | | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants** | : | |

<u>PLAINTIFF'S  MEMORANDUM
IN SUPPORT A MOTION IN LIMINE TO
EXCLUDE EVIDENCE</u>

INTRODUCTION

In this case, the employer, it is anticipated that the Defendants may introduce evidence

related to:

a.    the arrest, prosection of Jerome Porter (plaintiff's brother) for

unlawful possession of a weapon and the seizure of a weapon from Jerome

Porter on June 10, 2003.

b.    the arrest of Sylvester Mingledorff and the seizure of controlled substances from

Mr. Mingledorff on June 10, 2003.

1

  c.  introduce or cross examine the plaintiff on a criminal arrest , prosecution and/or

conviction which is over 10 years old.

Specifically, when the police entered 221 Pusey Street for the consent search on June 10,

2003, Jerome Porter, the plaintiff's brother was asleep in a chair in the living room. Under the

chair was a handgun. The police seized and secured that weapon. Mr. Jerome Porter was

subsequently charged with unlawful possession of a weapon, his probation violated and revoked

as a result of the charges. Mr. Porter was sentenced to a number of months incarceration. Francis

Porter, plaintiff herein, was not charged with the weapon and its seizure was not directly related

to the matters at bar.

 Mr. Mingledorff was also arrested on June 10, 2003, controlled substances were

allegedly seized from him and he was charged with possession. The defendants theory was that

Mingledorff purchased the controlled substances from Francis Porter, plaintiff. However, there is

no direct evidence that Mingledorff obtained the controlled substances from Francis Porter. The

only link in that chain is the surveillance observation of Sgt. Massi.

The "probable cause" for the Francis Porter controlled substance arrest is that Sgt. Massi

was on surveillance, and he claims to have seen thorough binoculars, a "small item" pass between

Porter and Mingledorff, when both were in front of 221 Pusey Street. Mingledorff then walked

down the street.  He was arrested a block or two from the Porter residence.  Mr. Mingledorff was

not arrested at the precise time that Massi observed the Mingeldorff-Porter transaction.

Mr.  Mingledorff was not under surveillance prior to the time Sgt. Massi observed the

interaction between Francis Porter and Mingledorff.  If so, it is total conjecture to conclude that

the substances seized from Mingledorff were given to him by Francis Porter. To introduce this evidence would invite rampant jury speculation.

According to Sgt. Massi after Mr. Mingledorff walked away, Francis Porter walked up Pusey Street in the opposite direction. Sgt. Massi had Francis Porter stopped, but no controlled substances or large currency were found on Mr. Porter. Sgt. Massi also checked the area around the Porter residence and did not find any controlled substances. Nor were any controlled substances found in the Porter residence after the execution of the consent search.

Finally, it is anticipated the Defendants may seek to introduce evidence of a Francis Porter arrest conviction for a non-dishonesty/false statement criminal matter which is over 10 years.

It is respectfully submitted that this evidence is inadmissible under Rule of Evidence 404 and even if technically admissible must be excluded under the balancing test, as more prejudicial that probative.

This memorandum is in support of a formal Motion seeking to exclude or limit the use of this evidence.

ARGUMENT

I.      THE TEST UNDER THE RULES FOR THE ADMISSION OF 404(b)
        EVIDENCE

Mr. Porter respectfully submits that neither the arrest/conviction of his brother, Jerome

(on the gun charge) or the Mingledorff arrest and seizure is admissible. It is not directly relevant

to the Porter claims under Rule 401. Sgt. Massi did not arrest Mr. Porter based on what was

seized from Mr. Mingeldroff or Jerome Porter. To the contrary, the basis for the Francis Porter

arrest was Sgt. Massi observing a "small item" pass between Francis Porter and Mingledorff. [1]

Whether Jerome Porter illegally possessed a weapon or whether Mr. Mingledorff possessed a

controlled substance is plainly irrelevant to the Porter arrest and prosecution. The only relevant

evidence related thereto is the Massi observation.

Reference to the Mingledorff and Jermone Porter arrests/seizures is also irrelevant to the

excessive force claim and  404(b) evidence. Under Federal Rule of Evidence 401, "'relevant

evidence' means evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be

without the evidence." Fed. R. Evid. 401. Once the threshold of logical relevancy is satisfied, the

matter is largely within the discretion of the trial court. See <u>United States v. Steele</u>, 685 F.2d 793,

---

[1]     After Massi saw the small item pass between Porter and Mingeldoroff in front of
        221 Pusey Street, Mingledorff walked down the street.  He was arrested a block
        or two from the Porter residence. Accordingly, Mingledorff was not arrested as
        the Massi observed transaction occurred. Nor was Mingledorff under surveillance
        prior to the time Sgt.Massi observed the interaction between Francis Porter and
        Mingledorff.  If so, there is no evidentiary link between the substance seized from
        Mingledorff and Francis Porter.

808 (3d Cir. 1982).

Federal Rule of Evidence 402 states: "All relevant evidence is admissible, except as

otherwise provided by the Constitution of the United States, by Act of Congress, by these rules,

or by other rules prescribed by the  Supreme Court pursuant to statutory authority. Evidence

which is not relevant Fed. R. Evid. 402. Here, this standard was not met.

If evidence is presented for the improper purpose of showing a propensity to act in a

certain way, it is inadmissible. The evidence sought to be  admitted in this case differs from

similar to other Rule 404(b) matters.  It is evidence of a prior bad acts in a criminal case, either by

non parties or by the plaintiff.

Any such evidence is encompassed by the plain text of Rule 404(b) which addresses

"other . . . acts," not  just prior bad acts. See <u>United States v. Echeverri</u>, 854 F.2d 638, 645 (3d

Cir. 1988) ("There may be cases in which evidence of subsequent . . . acts may properly be

admitted under Rule 404(b) [to show knowledge or intent.]"); see also United States v.

Germosen, 139 F.3d 120, 128 (2d Cir. 1998) ("The fact that the evidence involved a subsequent

rather than prior act is of no moment.") and <u>Becker v. Arco Chemical Co.</u>, 207 F.3d 176, 189 (3d

Cir. 2000).

Rule 404(b) applies equally to civil, as well as criminal, cases. Se e.g, Fed. R. Evid. 404

advisory committee's note.

Federal Rule of Evidence 404(b) states, in pertinent part:

Other Crimes, Wrongs, or Acts.--Evidence of other crimes, wrongs, or acts is not
admissible to prove the character of a person in order to show action in conformity

5

therewith. It may, however, be admissible for other purposes, such as proof of     motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of  mistake or accident . . .

Therefore, Rule 404(b) prohibits the admission of other acts evidence for the purpose of showing that an individual has a propensity or disposition to act in a particular manner. Gov't of the <u>Virgin Islands v. Pinney</u>,, 967 F.2d 912, 914 (3d Cir. 1992). Such evidence may, however, be admitted if offered for a proper purpose apart from showing that the individual is a person of a certain character.   Id.

For other conduct to be admitted, four prerequisites must be met:

(1) the evidence must have a proper purpose under Rule 404(b);

(2) it must be relevant under Rule 402;

(3) its probative value must outweigh its prejudicial effect under Rule 403; and

(4) the [district] court must charge the jury to consider the evidence only for the     limited purpose for which it was admitted.

See <u>Becker v. Arco Chemical Co.</u>, 207 F.3d 176, 189 (3d Cir. 2000); <u>United States v. Sampson</u>, 980 F.2d 883, 886 (3d Cir. 1992); see also. <u>Huddleston v. United States,</u> 485 U.S. 681, 691 (1988), <u>United States v. Sampson</u>, 980 F.2d 883, 886 (3d Cir. 1992) (citing <u>Huddleston v. United States</u>, 485 U.S. 681, 691-92, 99 L. Ed. 2d 771, 108 S. Ct. 1496 (1988).

Stated another way, prior other acts evidence is admissible for certain limited purposes, such as motive, intent or identity. However, it cannot be used to show a defendant's bad character or propensity to commit a crime or act in a specific way.  <u>United States v. Herman</u>, 589

6

F.2d 1191, 1198 (3d Cir. 1978).

Relevance and admissibility of 404(b) evidence are intertwined. As noted by the Circuit, inquiries regarding "relevance and proper purpose are intimately intertwined." United States v. Morley, 199 F.3d 129, 133 (3d Cir. 1999).  The proponent of the evidence "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because defendant committed ... offenses before, he therefore is more likely to have committed this one." Sampson, 980 F.2d at 887; United States v. Himmelwright, 42 F.3d 777, 782 (3d Cir. 1994); United States v. Jamal, 26 F.3d 1267 (3d Cir. 1994).

If so, it is not enough for an proponent of 404 evidence to simply state a number of the proper purposes identified in Rule 404(b). As noted by the Third Circuit in the context of a criminal case, "a prosecutor's "incantation of the proper uses of such evidence under the rule does not magically transform inadmissible evidence into admissible evidence." Morley, 199 F.3d at 133.

As succinctly observed:

"although proponents of Rule 404(b) evidence 'will hardly admit it, the reasons proffered to admit prior act evidence may often be a potemkin village, because the motive, we suspect, is often mixed between an urge to show some other consequential fact as well as to impugn the defendant's character.'" United States v. Himelwright, 42 F.3d 777, 781-782 (3d Cir. 1994), quoting United States v. Jamal, 26 F.3d 1267, 1272 (3d Cir. 1994).

Therefore, a cautionary instruction will not save the erroneous admission of Rule 404(b) evidence where the government has failed to articulate a theory of permissible relevance.  Morley, 199 F.3d  at 140.

7

To be admissible under Rule 404(b), other acts evidence must be offered for a proper purpose, i.e., a purpose other than showing that an individual has a propensity or disposition for certain activity. Pinney, 967 F.2d at 914.  Recently the Third Circuit held that "a court must be able to articulate a way in which the tendered evidence logically tends to establish or refute a material  fact in issue, and that chain of logic must include no link involving an inference that a bad person is disposed to do bad acts." See also, <u>Becker v. ARCO Chem. Co.,</u> 207 F.3d 176, 191 (3d Cir. 2000). Here, there is no evidence that the compensation was set or continued based on work place conduct. Since this "character evidence has no relevance to this case, it should be excluded.

II.	THE EVIDENCE IS NOT ADMISSIBLE AS IMPEACHMENT EVIDENCE
	AND  THE EVIDENCE DOES NOT FIT THE 404(b) EXCEPTION

Prior conduct evidence is not  admissible for the purpose of impeachment.  While a party may generally attack the credibility of any witness, Fed. R. Evid. 607, and evidence of character and conduct of a witness may be offered for the purpose of impeachment under Rule 608, these rules do not provide the basis for any argument nor can they provide a basis for admission of the evidence.  Rule 608 restricts the character evidence admissible for impeachment to evidence "referring only to character for truthfulness or untruthfulness."

Nor does this evidence become admissible under the exception to Rule 404(b) which provides that evidence, although not admissible to prove character traits of a person in order to "show action in conformity therewith," may nonetheless "be admissible for other purposes." Fed. R. Evid. 404(b). Here, there are no other purposes. This evidence is not impeachment

evidence, since it has nothing to do with the plaintiff.

In considering the admissibility of impeachment evidence, the courts apply the same standards of relevance that we apply to other questions of admissibility. See Orjias v. Stevenson, 31 F.3d 995, 1011 (10th Cir.), cert. denied, 115 S. Ct. 511 (1994). See also Fed. R. Evid. 401-02. For example in Becker v. ARCO, an ADEA plaintiff introduced evidence that his employer  had previously asked him to fabricate a reason to terminate another worker. 207 F.3d at 194. The Third Circuit held that such evidence was inadmissible to show that the employer subsequently fabricated a reason to terminate the plaintiff.

Rule 404(b) sets forth which of several uses of extrinsic act evidence is forbidden: evidence relating to a defendant's other crimes, wrongs, or acts is inadmissible to show that he acted in conformity with that character on a particular occasion.  Rule 404(b) also states which uses of evidence are permissible:  prior acts of misconduct may be admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed. R. Evid. 404.  See McCormick, Law of Evidence, § 188 at 445 (2d ed. 1972).

In other words, the question is whether the evidence proves a material fact without requiring any inference of the defendant's criminal disposition.  22 Wright & Graham, Federal Practice & Procedure, § 5239, at 432 (Supp. 1987).

The rationale behind this rule is the notion that Rule 404(b) evidence has slight probative value but has the tendency to confuse issues or be highly prejudicial.  Id.  See Cohn v. Papke, 655 F.2d 191 (9th Cir. 1981);  Reyes v. Missouri Pacific Railroad Co., 589 F.2d 791, 793 (5th Cir. 1979).  The Notes of the Advisory Committee on the proposed rules succinctly express this

9

concern:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and punish the bad man because of their respective characters despite what the evidence in the case shows actually.

Moreover, even when "other act" evidence could be introduced for permissible purposes, there is still a danger that a defendant will be discounted because he committed a bad act. Therefore, the use of 404(b) evidence must be carefully circumscribed and limited. <u>United States v. Bailleaux</u>, 685 F.2d 1105, 1109 (9th Cir. 1982).

Of course, there must be substantial need for the probative value of the evidence. As explained in Bailleaux:

> Courts must be extremely careful to guard against the danger that defendants will be convicted because they have previously committed a serious criminal offense rather than because the government has introduced evidence sufficient to prove beyond a reasonable doubt that they are guilty of the offense for which they are being tried. This danger exists whenever a jury is advised of the fact of a prior earlier conviction, or evidence relating to earlier criminal conduct is admitted. For that reason, the use of such evidence must be narrowly circumscribed and limited. Bailleaux, 685 F.2d at 1109. Therefore, the district court should consider the need for the Rule 404(b) evidence in light of other evidence available to the government. Id. See also Myers, 550 F.2d at 1044. The government must "articulate precisely the evidential hypothesis by which the consequential fact [at issue in the trial] may be inferred from the proffered evidence," 2 Weinstein's Evidence, ¶ 404[8], before the district court may consider introduction of Rule 404(b) evidence before the trier of fact.

Taken together, these procedural safeguards protect a party from introduction of prior bad acts where the sole relevancy or purpose is to demonstrate that the accused has a bad character or was disposed to commit the bad acts. <u>Michelson v. United States</u>, 335 U.S. 469, 475-76 (1948). Of course, the district court must articulate on the record the reasoning

10

underlying any  decision to admit Rule 404(b) evidence.  United States v. Robinson, 700 F.2d

205 (5th Cir. 1983).  Here, no such basis exists.

> IIII.    ANY EVIDENCE SHOULD BE EXCLUDED UNDER THE BALANCING
>          TEST

> A.    THE 403 BALANCING TEST IS NOT MET

 Under Federal Rule of Evidence 403, relevant "evidence may be excluded if its probative

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury." Fed. R. Evid. 403. "Rule 403 does not act to exclude any evidence that may

be prejudicial, but only evidence the prejudice from which substantively outweighs its probative

value." Charles E. Wagner, Federal Rules of Evidence Case Law Commentary 212 (1999-2000).

If relevance is established, the court "must weigh the probative value of the evidence

against its potential to cause undue prejudice." Himmelwright, supra,  42 F.3d at 782.  If the

evidence's relevance is substantially outweighed by the danger to unfair prejudice, it may be

excluded.  Fed.R.Evid. 403.  The district court must articulate its Rule 403 balancing on the

record.  Its failure to do so may warrant reversal.  Sampson, 980 F.2d at 889.

Federal Rule of Evidence 403 states that "although relevant, evidence may be excluded if

its probative value is substantially outweighed by the danger of unfair prejudice." A district

court's explicit balancing analysis under Rule 403 should only be disturbed if it is "irrational or

arbitrary." Abrams, 50 F.3d at 1213 (upholding district court's determination that testimony by

other co-workers alleging age-based discrimination was more probative than prejudicial). accord

United States v. Mastrangelo, 172 F.3d 288, 295 (3d Cir. 1999).

It has been held that "prejudice does not simply mean damage to the opponent's cause."

Goodman v. Pa. Turnpike Comm'n, 293 F.3d 655, 670 (3d Cir. 2002) (quoting 1 McCormick on

Evidence § 185 at 645 (John W. Strong, et al. eds., 5th ed. 1999)).

> The . . . prejudice against which the law guards [is] . . . unfair prejudice    of the sort
> which cloud[s] impartial scrutiny and  reasoned evaluation of the    facts, which
> inhibit[s] neutral application of principles of law to the facts as found. . . .   Prejudice
> does not simply mean damage to the opponent's cause. If it did, most    relevant
> evidence would be deemed prejudicial.Id. (internal quotations omitted).

Unfair prejudice under Rule 403 could arise if a jury uses 404(b)) evidence  to infer

propensity rather than intent or if rejects evidence of discrimination based on the employer's use

of inadmissible character evidence.  See Robert S. v. Stetson School, Inc., 256 F.3d 159, 171 (3d

Cir. 2001).

   B.    THE PROBATIVE VALUE OF THE EVIDENCE IS
         OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION
         OF THE ISSUES AND MISLEADING THE JURY

       1.    THE EVIDENCE WAS NOT RELEVANT AND
            PROBATIVE AS TO MOTIVE

It cannot be seriously contended that this evidence  has any direct (or indirect) relevance

to this action.  It could not be part of the "chain of events" . Mr. Francis Porter was not charged

with possession of the weapon. His brother, Jerome was charged with that crime. While Mr.

Porter was charged with intent to sell controlled substance, the Mingledorff arrest and seizure is

irrelevant to that charge. The "probable cause" for the Francis Porter controlled substance arrest

is that Sgt. Massi was on surveillance, and the claims to have seen thorough binoculars, a "small

item" pass between Porter and Mingeldoroff, when both were in front of 221 Pusey Street.

12

Mingledorff then walked down the street.  He was arrested a block or two from the Porter residence.

According to Sgt. Massi after Mr. Mingledorff walked away, Francis Porter walked up Pusey Street in the opposite direction. Sgt. Massi had Francis Porter stopped, but no controlled substances or large currency were found on Mr. Porter. Sgt. Massi also checked the area around the Porter residence and did not find any controlled substances. Nor were any controlled substances found in the Porter residence after the execution of the consent search. If so, as argued infra, Mingledorff's actions add no relevant evidence to the Porter arrest.

> 2.    THE ADMISSION WILL CAUSE PREJUDICE AND IS
>        EXCLUDABLE UNDER THE RULE IN BECKER v. ARCO

The defendants may contend that the evident is offered as a "link in the chain."      This argument must be rejected. The 403 balancing test is that prejudice is unfair if the evidence has "an undue tendency to suggest decision on an improper basis.". As noted in Blancha v. Raymark Industries, 972, F.2d 507, 516 (3d Cir. 1992):

> "evidence may be excluded when its admission would lead to      litigation of
> collateral issues, thereby creating  a side      issue which might distract the jury from
> the main issues." Citing United States v. Dennis, 625 F.2d 782, 797 (8th Cir.      1980).

Given the low relevance and the fact this is precisely the type of overly prejudicial, side issue evidence which must be excluded under Rule 403. Evidence law does not permit a "where there is smoke there is fire" argument.

13

As stated, the "substantial prejudice" test was recently discussed by the Third Circuit in Becker v. ARCO Chemical Co., 207 F.3d 176 (3d Cir.2000). In Becker, this Court reviewed an Age Discrimination case discretionary evidentiary ruling admitting R. Ev. 404(b) evidence. The Court found error and a new trial was granted after concluding that the admission of the hearsay evidence prevented the employer from having a fair trial.

Becker fully supports this Court's exclusion of the instant evidence. The Third Circuit was concerned in Becker, that the 404(b) evidence permitted the jury to make an illogical leap -- if ARCO asked Mr. Becker to falsify a negative performance evaluation for an employee, then it similarly created a false performance report to support his termination.      Here, similarly, the admission of the evidence would permit the jury to make a unwarranted leap -- that because Mr. Mingledorff was arrested in possession of drugs then Mr. Porter sold him those drugs. Alternately, the evidence permit the jury to conclude, unfairly, that Mr. Porter was a "bad person" and "got what he deserved".

Excluding the investigation to avoid such illogic under 403 is appropriate here.

3.      THE EVIDENCE WAS EXCLUDABLE TO AVOID A
        COLEMAN TRIAL WITHIN A TRIAL, WHICH
        WILL  CONFUSE THE JURY

Part of the 403 calculus is whether the evidence, if admitted would unfairly cloud the issue for the jury.  Here, in addition to the obvious prejudice, the evidence was properly excluded because it would have created a confusing trial within a trial.

 Coleman v. Home Depot, Inc., 306 F.3d 1333 (3d Cir. 2002) is cited by the defendants.

14

However, if the case is read, it does not support the defendants' 403 argument. To the contrary, it is authority for the exclusion of this evidence.

In Coleman, the issue was the admissibility of the EEOC "for cause notice" of determination. In the for cause notice, the EEOC found that the employer engaged in a "pattern of discrimination" against Ms. Coleman.  The plaintiff-employee sought to introduce the report at the conclusion of her case under Fed. R. Evid. 803(8)(c). On objection by the employer, the district court excluded the evidence.

The reason for the exclusion was that the District Court found that the EEOC decision was of low probative value and that any value was outweighed by confusion and unfair prejudice.

The Third Circuit affirmed this exclusion. It held that, it was properly excluded under Rule 403 to avoid undue delay and waste of time. If it was admitted it would have required the employer to present extensive evidence to rebut the questionable EEOC's finding that the employer engaged in a pattern of discrimination.

Here, the same reasons control. Like in Coleman admission of the "character" evidence investigation would create a trial within this trial.     If so, it is just as likely as not, that this jury will focus on the wrong issues in this matter.


V.      EVIDENCE RELATED TO THE PORTER CRIMINAL HISTORY IS NOT
        ADMISSIBLE

Rule 609 of the Federal Rules of Evidence governs the admissibility of prior convictions against a criminally accused.  The recent amendments in Rule 609, effective on December 1, 1990,

15

were intended to resolve a perceived conflict in the application of Rule 609 to civil parties.  See

Green v. Bock Laundry Machine Co., 490 U.S. 504 (1989).  "The amendment does not disturb

the special balancing test for the defendant who chooses to testify."  3 Weinstein's Evidence §

609-01 at 609-3 (1991) (emphasis added).  Thus, the language of Rule 609

> recognizes that, in virtually every case in which prior convictions are used to impeach the
> testifying defendant, the defendant faces a unique risk of prejudice -- i.e., the danger that
> convictions [] will be misused by a jury as propensity evidence despite their introduction
> solely for impeachment purposes.  Although [Rule 609] does not forbid all use of
> convictions to impeach a defendant, it requires that the government show that the
> probative value of convictions as impeachment evidence outweighs the      prejudicial
> effect.Id. (emphasis added).

1.      This Is Not Crime of Dishonesty or False Statement

Fed. R. Evid. Rule 609(a)(2) permits the government to introduce as impeachment

evidence a prior conviction that involves "dishonesty or false statement."  The admissibility of

any alleged crime of "dishonesty or false statement" is a question of whether the actual offense of

conviction is a crimen falsi offense under state law.  The court must look to the state definition of

the crime of conviction, not the details underlying the offense.  United States v. Rogers, 853 F.2d

249 (4th Cir.), cert. denied, 488 U.S. 946 (1988); United States v. Cameron, 814 F.2d 403 (7th

Cir. 1987) (citing Weinstein's Evidence).

The Defendants has not established that the offense for which Mr. Porter was convicted

is a crimen falsi offense under state law.  Thus, the court should not permit the Defendants to

impeach the plaintiff, if he chooses to testify.

16

2.      The Prior Felony Conviction For [*fill in charge here* ]Is Highly Prejudicial
        And rrelevant To The Charges

Mr. Porter's previous conviction is not admissible under Rule 609(a)(1) because it is well

beyond the 10 year limitation period, is prejudicial to him and irrelevant to the crime charged.

In <u>United States v. Wallace</u>, 848 F.2d 1464, 1473 (9th Cir. 1988), the Ninth Circuit held

that the district court abused its discretion in permitting a prior narcotics conviction to be used

for  impeachment purposes.  A district court must thoroughly analyze the "five factors"[2]

required in balancing the probative value against the prejudice to a criminal defendant.

Here, the balancing weighs strongly against the admission of the conviction.  First, the

impeachment value of the crime is minimal. Moreover, for the reasons previously discussed, the

prejudice far outweighs the probative value of the conviction for impeachment purposes.

Impeachment testimony is subject to the same concerns as Rule 404(b) evidence:  there is a

substantial risk that exculpatory evidence will be overcome by a jury's conclusion which is not

permitted -- the defendant has a <u>propensity</u> to commit criminal acts.

Third, Mr. Porter's testimony may well be the critical factor at trial.  As related by

<u>Weinstein's</u> <u>Evidence</u>:

One important consideration is what the effect will be if the defendant does <u>not</u> testify
out of fear of being prejudiced because of impeachment by prior convictions.  <u>Even</u>

---

[2]      The five factors are:  (1) the impeachment value of the prior crime; (2) the point in
time of the conviction and the witness' subsequent history; (3) the similarity between the
past crime and the charged crime; (4) the importance of  the defendant's testimony; and (5)
the centrality of the  credibility issue.  <u>United States v. Wallace</u>, 848 F.2d at 1473 n.12;
<u>United States v. Cook</u>, 608 F.2d 1175, 1185 (9th Cir. 1979) (<u>en</u>  <u>banc</u>), <u>cert.</u> <u>denied</u>, 444
U.S. 1034 (1980).

17

<u>though</u> a judge might find that the prior convictions are relevant to credibility and the risk of prejudice to the defendant does not warrant their exclusion, [s]he might nevertheless conclude that <u>it is more important that the jury have the benefit of the defendant's version</u> of the case than to have the defendant remain silent out of fear of impeachment.
3 <u>Weinstein's Evidence</u> § 609[03] at 609-38 (quoting <u>Gordon v. United States</u>, 383 F.2d 936, 940 (D.C.Cir. 1967), <u>cert. denied</u>, 390 U.S. 1029 (1968) (footnote omitted) (emphasis added).

Rule 404(b) sets forth which of several uses of extrinsic act evidence is forbidden: evidence relating to a defendant's other crimes, wrongs, or acts is inadmissible to show that he acted in conformity with that character on a particular occasion. Rule 404(b) also states which uses of evidence are permissible: prior acts of misconduct may be admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed. R. Evid. 404. <u>See</u> McCormick, <u>Law of Evidence</u>, § 188 at 445 (2d ed. 1972).

In other words, the question is whether the evidence proves a material fact <u>without</u> requiring <u>any</u> inference of the defendant's criminal disposition. 22 Wright & Graham, <u>Federal Practice & Procedure</u>, § 5239, at 432 (Supp. 1987).

The rationale behind this rule is the notion that Rule 404(b) evidence has slight probative value but has the tendency to confuse issues or be highly prejudicial. <u>Id</u>. <u>See</u> <u>Cohn v. Papke</u>, 655 F.2d 191 (9th Cir. 1981); <u>Reyes v. Missouri Pacific Railroad Co.</u>, 589 F.2d 791, 793 (5th Cir. 1979). The Notes of the Advisory Committee on the proposed rules succinctly express this concern:

Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and punish the bad man because of their respective characters despite what the evidence in the case

18

shows actually.

Moreover, even when "other act" evidence could be introduced for permissible purposes, there is still a danger that a defendant will be convicted because he committed a bad act. Therefore, the use of 404(b) evidence must be carefully circumscribed and limited.  United States v. Bailleaux, 685 F.2d 1105, 1109 (9th Cir. 1982).

Of course, there must be substantial need for the probative value of the evidence.  As explained in Bailleaux:

> Courts must be extremely careful to guard against the danger that defendants will be convicted because they have previously committed a serious criminal offense rather than because the government has introduced evidence sufficient to prove beyond a reasonable doubt that they are guilty of the offense for which they are being tried.  This danger exists whenever a jury is advised of the fact of a prior earlier conviction, or evidence relating to earlier criminal conduct is admitted.  For that reason, the use of such evidence must be narrowly circumscribed and limited.
> Bailleaux, 685 F.2d at 1109.

The Third Circuit has excluded or criticized the admission of similar evidence in a number of recent decisions.  For example, in United States v. Mastrangelo, supra,  172 F.3d 288 (3d Cir. 1999) the admission in a drug prosecution of a nine year old drug conspiracy conviction was criticized for, "the failure of the district court to provide a clear explanation regarding the balance between the evidence's prejudicial and probative effects".

Therefore, the court should consider the need for the Rule 404(b) evidence in light of other evidence available to the Defendants.  Id.  See also Myers, 550 F.2d at 1044.  The Defendants must "articulate precisely the evidential hypothesis by which the consequential fact [at issue in the trial] may be inferred from the proffered evidence," 2 Weinstein's Evidence, ¶

19

404[8], before the district court may consider introduction of Rule 404(b) evidence.

The Defendants have not and cannot meet this test. The instant motion precluding the use

of the conviction(s) should be granted.

VI.   IF THE EVIDENCE IS ADMITTED, COUNSEL REQUESTS AN APPROPRIATE LIMITING INSTRUCTION

While "prejudice" can be avoided by a limiting instruction, this is inappropriate in the

case at bar. Here, the "character' evidence is can only deflect the jury's neutral review of the

evidence.

However, if the Court permits any such evidence to be admitted, counsel requests a limiting instruction, to preserve the issue.  See e.g. <u>United States v. Simmons</u>, 679 F.2d 1042, 1050 (3d Cir. 1982) (where defendant did not object to 404(b) prior bad acts evidence or request a limiting instruction, its admission was not plain error). Fed. R. Evid. 105 provides that the trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted." <u>Huddleston</u>, 485 U.S. at 691-92.

Respectfully submitted,


 /s/ Andrew F. Erba
Andrew F. Erba, Esquire for Intervenor -Plaintiff
Williams, Cuker & Berezofsky
1617 J.F.K. Blvd. Suite 800
Philadelphia, PA 19103-2030
215-557-0099

PA I.D. No 20943

CERTIFICATE OF SERVICE


It is certified that on this day a true and correct original or a copy of the Plaintiff's

Motion in Limine was mailed to the following at the address set out below by the means stated

herein:

Thomas C.  Gallagher, Esquire
Holsten & Associates
One Olive Street
Media PA 19063


_____

Andrew F. Erba



dated:          <u>November 18, 2005</u>

22

<u>ATTACHMENT A</u>

SUPPLEMENTAL INSTRUCTION NO. 1

### EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the plaintiff has proven by a preponderence of the evidence that the defendants violated his rights.  Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not set out in this lawsuit. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the plaintiff, only as they relate to this charge against this plaintiff.

SUPPLEMENTAL INSTRUCTION NO. 2

### OTHER CRIMES, WRONGS OR ACTS OF PLAINTIFF

You have heard evidence of other acts engaged in by the plaintiff.  You may consider that evidence only as it bears on the defendant's [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.

24