**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANCIS EUGENE PORTER,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **NO.:  05-CV-1490** |
| | : | |
| **THE CITY OF CHESTER,** | : | |
| **MAYOR WENDELL BUTLER,** | : | |
| **OFFICER JOSEPH MASSI,** | : | |
| **OFFICER SWANSON,** | : | |
| **OFFICER MULLEN, OFFICER MCGOLDRICK,** | : | |
| **and** | : | **JURY TRIAL DEMANDED** |
| **CPL. NOLAN,** | : | |
| **Defendants** | : | |

_____

<u>**DEFENDANTS PROPOSED POINTS FOR CHARGE**</u>

**Preponderance of the Evidence**

Plaintiff  Francis Porter has the burden in a civil action, such as this, to prove every essential element of Plaintiffs' claim by a preponderance of the evidence.  If Plaintiff Francis Porter should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, you should find for Defendants as to that particular claim.

[The defendant has the burden of establishing the essential elements of certain affirmative defenses.  I will explain this later.]

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard

does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you  may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard the term "proof beyond a reasonable doubt."  That is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §104.01 *Preponderance of the Evidence.*

**Burden Of Proof Where Jurors Have Served On Jury In Criminal Case**

Those of you who have sat on criminal cases will have heard of "proof beyond a reasonable doubt."  The standard of proof in a criminal case is a stricter standard, requiring more proof than a preponderance of evidence [or the clear and convincing standard].  The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §104.03, *Burden of Proof Where Some Jurors Have Served on Jury in Criminal Case.*  Modified as indicated in text.

**"Direct" and "Circumstantial" Evidence – Defined**

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstance indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §104.05, *"Direct" and "Circumstantial" Evidence – Defined.* Unmodified.

**"Inferences" Defined**

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seen justified in light of your experience.

"Inference" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §104.20 *"Inferences" Defined.*  Unmodified.

**Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses

testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appealed to your minds as being most accurate and otherwise trustworthy.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §104.54 *Number of Witnesses*.  Unmodified.

**Discrepancies in Testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witnesses, or by the manner in

which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witnesses testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than a testimony of a larger number of

7

witnesses to the contrary.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §105.01 *Discrepancies in Testimony.* Unmodified.

**Impeachment – Inconsistent Statement or Conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the

testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §105.04 *Impeachment – Inconsistent Statement or Conduct (Falsus In Uno Falsus In Omnibus)*.  Unmodified.

**Effect of Prior Inconsistent Statements or Conduct**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness.  However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some

fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §105.09 *Effect of Prior Inconsistent Statements or Conduct.* Unmodified.

**Nature of Action and Probable Cause**

Plaintiff Francis Porter claims damages alleged to have been sustained as a result of a deprivation, under color of state law, of a right secured to Plaintiff by the Fourth Amendment of the United States Constitution and by federal statute protecting the civil rights of all persons within the United States.

Specifically, Plaintiff Francis Porter alleges that Defendant Police Officers Massi, Swanson, Nolen, Mullen and McGoldrick subjected Plaintiff to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the constitutional right to be free from an arrest or seizure without probable cause.

Defendant Police Officers deny that any of their actions during the time in question violated Plaintiff's constitutional rights.  Defendant Police Officers claim that they were acting in good faith and with probable cause and that their actions were reasonable.  Defendant Police Officers further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., § 165.01  *Nature of Action.*  Modified.

**Essential Elements of Plaintiff's Claim**

In order to prove Plaintiff's claim, the burden is upon Plaintiff Francis Porter to establish by a preponderance of the evidence each of the following elements:

First:  That Defendant police officers performed acts that operated to deprive Plaintiff of one or more of Plaintiff's federal Constitutional rights, as defined and explained in these instructions, by arresting or seizing Plaintiff Frank Dostellio without probable cause

Second:  That Defendant police officers then and there acted under the color of state law; and

Third:  That Defendant police officers acts were the proximate cause of damages sustained by Plaintiff Francis Porter.

Because Defendants Officers are officials of the City of Chester at the time of the acts in question, the Defendant Officers were acting under the color of state law.  In other words, the second requirement is satisfied.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §165.20 *Generally.* Modified as indicated in text.

**42 U.S.C. §1983**

Plaintiff's claim that the Defendant Police Officers arrested him without probable cause, is

brought under a federal statute, 42 United States Code §1983.  This law, which provides a remedy

for individuals who have been deprived of their constitutional rights under color of state law, states:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be liable
> to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress.

42 U.S.C. § 1983.

**Fourth Amendment of the United States Constitution**

The Plaintiff has alleged that Sgt. Massi violated his right to be free from an unreasonable seizure as guaranteed by the Fourth Amendment of the United States Constitution.  The Fourth Amendment to the United States Constitution reads:

> The right of the people to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmed affirmation, and particularly describing the place to searched, and the persons or things to be seized.

Fourth Amendment of the United States Constitution.

**Unlawful Arrest**

Plaintiff Francis Porter claims to have been unlawfully arrested or seized.  The United States Constitution provides that no person may be arrested without due process of law.  This means that a person may not be arrested without probable cause for such an arrest.  A police officer must have information that would lead a reasonable person possessing the same official expertise as the officer to conclude that the person being arrested committed or is about to commit a crime.

Before you can determine whether Plaintiff  was deprived by the defendant police officer of Plaintiff's liberty "without due process of law," you must determine from a preponderance of the evidence in the case:

> First:  Whether defendant police officers committed the acts alleged; and if so,

> Second:   Whether defendant police officer acted under circumstances within or without the bounds of their lawful authority under state law.

If defendant police officers acted within the bounds of their lawful authority under state law, then defendant police officer could not have deprived Plaintiff  of any right "without due process of law."

Under the law of the Commonwealth of Pennsylvania, police officers may not arrest a person without an arrest warrant unless they have probable cause to believe that a crime has been committed and that the person in question has committed that crime.  Probable cause exists if the facts and circumstances known to the officer and of which the officer had reasonable, trustworthy information are sufficient to warrant a prudent person in believing that the suspect has committed a crime.

Under the laws of the Commonwealth of Pennsylvania, a police officer has the right to arrest

a person without a warrant whenever the officer reasonably believes that such person has committed a felony offense in the presence of the officer.  It is a felony offense to sell controlled substances.

In determining whether defendant police officers had reasonable grounds to believe that a person has committed an offense, the facts known to defendant police officers need not meet the standard of conclusiveness upon which a conviction must be based.  Rather, the actions of defendant police officers in making an arrest are to be measured by the test of what a reasonable person would have believed under the same circumstances.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §165.21 *Unlawful Arrest.* Modified as indicated in text.

**Probable Cause to Arrest:**

Probable cause to arrest exists when the information within the arresting officer's knowledge at the time of the arrest is sufficient to warrant a reasonable law enforcement officer to believe that an offense has been or is being committed by the person to be arrested.  See United States v. Cruz, 910 F.2d 1072, 1076 (3rd Cir. 1990).  It is a "fluid concept – turning on the assessment of the probabilities in particular factual context – not readily, or even usually, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed. 527 (1983).  While probable cause to arrest requires more than mere suspicion, the law recognizes that probable cause determinations have to be made "on the spot" under pressure and do "not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands." Gerstein v. Pugh, 420 U.S. 103, 121, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).  A "common sense approach [must be taken] to the issue of probable cause" and a determination as to its existence must be based on "the totality of the circumstances."  Sharrar v. Felsing, 128 F.3d 810, 818 (3rd Cir. 1997).


Paff v. Kaltenbach, 204 F.3d 425, 436 (3rd Cir. 2000)

**Probable Cause For Any Violation Sufficient For Arrest:**

If you find that Sergeant Massi had a reasonable basis to believe that Francis Porter had committed a crime, the arrest is justified as being based upon probable cause. Probable cause need only exist as to any offense that could be charged under the circumstance. If you find that probable cause existed to arrest Francis Porter for sale of a controlled substance i.e., Cocaine, the arrest did not violate Mr. Porter's constitutional rights.

Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3rd Cir. 1994) (citing Edwards v. City of Philadelphia, 860 F.2d 568, 575-6 (3rd Cir. 1988).

**Good Faith Defense**

If  Sergeant Massi reasonably believed that he had probable cause to arrest Plaintiff Francis

Porter, and Sergeant Massi acted in good faith on the basis of this belief, then this reasonable belief

and good faith action would constitute a defense to Plaintiff's claim of unlawful seizure, even if

Defendant Sgt. Massi did not have probable cause to arrest Plaintiff under the circumstances.


Federal Jury Practice and Instructions, Devitt, Blackmar and Wolff, 4th Ed., §103.09 *Good Faith Defense.*  Modified from original text.

**Probable Cause: Seizure**

A seizure pursuant to probable cause is sufficient to satisfy the requirements of the Constitution, and the fact that the person seized may be innocent of the charge is irrelevant to his claim of unreasonable seizure.

Alvarez vs. Freiwald, 1993 WL 542877, *5 (Troutman, J.E.D. Pa. 1993) (citing Baker vs. McCollan, 443 U.S. 137, 143-44, 99 S.Ct. 2689, 2695 (1979)); see also Dowling vs. Philadelphia, 855 F.2d 136, 141 (3rd Cir. 1988).

**Probable Cause**

An arrest by an officer may still be held to be objectively reasonable even if there is no finding of probable cause at a later hearing on the matter.

<u>Floyd vs. Farrell</u>, 765 F.2d 1 (3rd Cir. 1985).

**Excessive Force (§165.23)**

Plaintiff claims that Defendant Police Officers used excessive force when they seized Plaintiff.  Whether or not the force used was unreasonable is a question to be determined by you in light of all the evidence received in the case.

You must determine the degree of force that a reasonable and prudent police officer would have applied under the circumstances shown from the evidence received in this case.  In determining whether the Defendant Police Officers used excessive force, you may consider:

1.  The extent of the injuries suffered, <u>if any</u>;
2.  The need for the application of force, <u>if any</u>;
3.  The relationship between the need and the amount of force used, <u>if any</u>;
4.  The threat reasonably perceived by the responsible officials, and;
5.  Any efforts made to temper the severity of a forceful response. Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests.  An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight.  The nature of reasonableness must allow for the fact that police officers are often forced to make split second judgments-under circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one.  The question is whether the Defendant Police Officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

If you find that Plaintiff has proven Plaintiff's claim, you must then consider the defense of Defendant Police Officers that their conduct was objectively reasonable in light of the legal rules

clearly established at the time of the incident in issue and that they are therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time, you find from a preponderance of the evidence that Plaintiff has proved that Defendant Police Officers knowingly violated the law regarding the Plaintiff's constitutional rights, you must find for the Plaintiff.

If, however, you find that Defendant Police Officers had a reasonable belief that their actions did not violate the constitutional rights of the Plaintiff, then you cannot find Defendant Police Officers liable even if the Plaintiff's rights were in fact violated as a result of the Defendant Police Officers' objectively reasonable action.

**Use of reasonable force**

A police officer may use reasonable force to prevent interference with the exercise of his

authority or the performance of his duty.

Renk vs. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289, 283 (1994)

**Causation Generally (§165.50)**

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the acts or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiff, and that Plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Plaintiff has the burden of proving each and every element of the Plaintiff's claim by a preponderance of the evidence.  If you find that Plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for the defendant police officers. Defendant police officers have the burden of proving each element of their affirmative defenses by a preponderance of the evidence.

**Use of Force**

A police officer is justified in the use of any force which he believes to be necessary and of any force which he believes to be necessary to defend himself or another from bodily harm. 18 Pa. C.S.A. §508(a)(1).

**Resisting Arrest**

Police Officers are privileged to commit a battery pursuant to a lawful arrest.  <u>Edwards v. City of Philadelphia</u>, 860 F.2d 568 (3rd. Cir. 1998).

**Resisting Arrest**

Under the law of the Commonwealth of Pennsylvania, it is never legal to resist an arrest by a police officer even if the individual being arrested knows that the arrest is unlawful.

18 Pa. C.S.A. §505(b)(1)(i)

**Malicious Prosecution**

Plaintiff claims that Defendants, Sgt. Massi and Officer William Swanson maliciously prosecuted Plaintiff.  In order to find that Defendants are liable for malicious prosecution, Plaintiff must establish by preponderance of the evidence the following:

1.      That Defendant Officers initiated criminal proceedings;

2.      That the proceedings ended in Plaintiff's favor;

3.      That the proceedings were initiated without probable cause;

4.      That Defendant Officers acted maliciously or for a purpose other than brining Plaintiff to justice; and

5.      That Plaintiff suffered a deprivation of liberty as a consequence of the legal proceedings.

Estate of Smith v. Marasco, 318 F.3d 497, 521 (3rd Cir. 2003).

**<u>Causation Generally</u>**

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the acts or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiff, and that Plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Plaintiff has the burden of proving each and every element of the Plaintiff's claim by a preponderance of the evidence.  If you find that Plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for the defendant police officers.


Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §165.50 *Causation Generally.* Modified as indicated in text.

**Compensatory Damages**

If you find liability in Plaintiff's favor, then you must determine the damages that Plaintiff is entitled to, if any.  Any damages must be based upon fair compensation for the actual injury or damage incurred.  Damages may not be based on the abstract value or importance of constitutional rights.

Memphis Community School District v. Stachura, 477 U.S. 299, 308, 106 S. Ct. 2537, 2543 (1986).

**Compensatory Damages**

Damages must be reasonable.  If you should find that the Plaintiff is entitled to a verdict in his favor, you may award him only such damages as will reasonably compensate him for such damages as you find, by a preponderance of the evidence, that he has sustained as a proximate result of Defendants' actions.  You are not permitted to award speculative damages.  The mere fact that constitutional rights may have been violated does not entitle Plaintiff to damages unless the violation is the cause of actual harm.

E. Devitt, C. Blackmar & M. Wolff, <u>Federal Jury Practice & Instructions</u>, §85.14 (West 1987 and Supp. 1995); <u>see also Sachura v. Memphis Community School District</u>, 106 S. Ct. 2537 (1986).

**Mitigation of Damages**

If you find Plaintiff was injured as a result of conduct by Defendant police officers in violation of Section 1983, you must determine whether Plaintiff could have done something to lessen the harm suffered.  Defendant police officers have the burden to prove by a preponderance of the evidence that Plaintiff could have lessened or reduced the harm done to Plaintiff and that Plaintiff failed to do so.

If Defendant established by a preponderance of the evidence that Plaintiff could have reduced the harm done to Plaintiff but failed to do so, Plaintiff is entitled only to damages sufficient to compensate for the injury that Plaintiff would have suffered had Plaintiff taken appropriate action to reduce the harm.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §165.72 *Mitigation of Damages.*  Modified as indicated in text.

**Damages Must Have Been Proximately Causes**

You are not to award damages for any injury or condition from which Plaintiff Francis Porter may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately [legally] caused by the <u>incident</u> in question.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §128.70 *Damages Must Have Been Proximately Caused.*  Modified as indicated in the text.

**Proximate Cause**

An injury or damage is proximately caused when an act, or failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Federal Jury Practice and Instructions, Devitt, Blackmar & Wolff, 4th Ed., § 80.18 *Proximate Cause*

**Damages – Not Punitive**

If you should find that the Plaintiffs are entitled to a verdict, in fixing the amount of your award you may not include in, or add to an otherwise just award, any sum for the purpose of punishing the Defendant, or to serve as an example or warning for others.  Nor may you include in your award any sum for court costs or attorney's fees.

Federal Jury Practice and Instructions, Devitt, Blackmar & Wolff, 4th Ed., § 85.16 *Damages – Not Punitive*

**Punitive and Exemplary Damages**

In addition to actual damages, the law permits a jury, under certain circumstances, to award the injured person punitive and exemplary damages in order to punish the wrongdoer for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence that Plaintiff Francis Porter is entitled to a verdict for actual or compensatory damages, and you further find that the act or omissions of Defendant Officers, proximately [legally] causing actual injury or damage to Plaintiff, was maliciously, or wantonly, or oppressively done, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper, as punitive and exemplary damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either towards the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act or failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or failure to act is "oppressively" done, if done in way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make any award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, from a preponderance of the evidence in the case, that Defendant Officers' acts or omissions, which proximately [legally] caused actual damage to Plaintiff, was maliciously or wantonly or oppressively

37

done.

You should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award Plaintiff a verdict for actual or compensatory damages individually. You should also bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

Federal Jury Practice and Instructions, O'Malley, Grenig and Lee, 5th Ed., §128.81 *Punitive and Exemplary Damages.*  Modified as indicated in the text.

Punitive damages may be awarded in a §1983 action if the Defendants' conduct is "'motivated by evil motive or intent, or if it involves reckless or callous indifference to the federally protected rights of others.  Smith vs. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983)."  Furthermore, punitive damages may be imposed for conduct that is outrageous or because of the Defendant's evil motive or his reckless indifference to the rights of others.  Feld  vs. Merriam, 506 Pa. 383, 485 A.2d 742, 747 (1984).

**Effect of Instructions as to Damages**

The fact that I have instructed to you as to the proper measure of damages should not be considered as intimidating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Federal Jury Practice and Instructions, Devitt, Blackmar and Wolff, 4th Ed., §74.02 *Effect of Instructions as to Damages.*

Respectfully Submitted

**HOLSTEN & ASSOCIATES**

**BY:**   _____

**THOMAS C. GALLAGHER, ESQUIRE**
**Attorney for Defendants, City of**
**Chester, Sgt. Massi, Corporal Mullen,**
**Officers Swanson, Officer Nolen and**
**Officer McGoldrick**